### GROSS v. NITSCHKE et al.

(Supreme Court, Appellate Term. June 30, 1908.)

PLEADING—FAILURE OF PROOF—JUDGMENT WITHOUT PREJUDICE.

In an action against a partnership for goods sold and delivered, where plaintiff fails to prove delivery to any one, a judgment for defendants is proper, but it should be without prejudice to a new trial; the plaintiff having failed in his proof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1339–1342.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Louis Gross against Bruno Nitschke and others for goods sold and delivered. From a judgment for defendant Mueller, plaintiff appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Arthur Ofner, for appellant.
Max Steinert, for respondent.

PER CURIAM. This action was brought originally against Mueller, Nitschke, and Langer; the complaint alleging that Nitschke and Mueller were copartners prior to October 10, 1907, and that thereafter Langer became a member of such firm. On October 10 and November

16, 1907, and January 28, 1908, plaintiff alleges in the complaint he sold and delivered to defendants certain liquors, of the value of $155, which allegation was denied by the defendants. The defendant Nitschke was not served, and did not appear in the action. The action as against Langer was discontinued at the opening of the trial, and the plaintiff attempted to sustain his claim against Mueller alone. The result of the trial was a judgment in favor of the defendant.

It is undisputed that Mueller and Nitschke entered into a partnership by written articles on April 26, 1905. By the terms of this agreement the partnership was to continue one year. Nitschke, who was called as a witness by the plaintiff, testified that such partnership was not renewed at the end of the year. The plaintiff testified that he sold a package of brandy, of the value of $106.25, to Nitschke, "with the understanding, as Mr. Nitschke had always explained to me, that he had received the backing, and that Mr. Geo. Mueller was a partner in the concern." When this sale took place, where or to whom delivery of the brandy, if any, was made, or to whom plaintiff gave the credit, was not shown. Nor was it shown that by any prior dealings had with Nitschke the plaintiff was led to believe, or had knowledge, that Mueller was in partnership with him. From reading the testimony it would seem that the sale was evidently made after the expiration of the time set for the termination of the partnership, and the issue tried was whether or not Mueller continued to sustain the relation of partner with Nitschke after the end of the year named in their articles of agreement. We need not now discuss this question, because, as before stated, the plaintiff utterly failed to prove a delivery of the goods sold to any person, and the judgment as rendered was correct, except that it should have been entered as without prejudice to a new trial; the plaintiff having failed in his proof.

Judgment modified, by inserting therein the words "without prejudice to a new trial," and, as modified, affirmed, with $15 costs to the appellant.